**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DIVISION OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| ROBERT K. KUHLMAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO.:1:24-cv-01065-JBM-JEH |
| | ) |
| OFFICER NICHOLAS HINES (Star #20257), | ) JURY DEMANDED |
| OFFICER SERENA CUNNINGHAM | ) |
| (Star #19306), and the TOWN OF NORMAL, | ) |
| an Illinois municipal corporation, | ) |
| | ) |
| Defendants. | ) |

**TOWN OF NORMAL DEFENDANTS' 12(b)(6)
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, OFFICER NICHOLAS HINES, OFFICER SERENA CUNNINGHAM and the TOWN OF NORMAL, (hereinafter collectively referred to as the "Town of Normal Defendants"), by and through one of their attorneys, DEBORAH ANNE OSTVIG of SCHAIN, BANKS, KENNEY, & SCHWARTZ, and, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully pray that this Honorable Court enter an order dismissing the Plaintiff's Complaint, for failure to state claims upon which relief can be granted and state as follows:

**INTRODUCTION**[1]

The Plaintiff pleads in his Complaint that he went to his mother's house in response to her call that there was a stranger in her backyard. [DKT. NO. 1, paras. 8 - 13.] Plaintiff's mother had allowed the stranger to use her telephone after which, instead of leaving, the stranger subsequently sat on the Plaintiff's mother's back porch [DKT. NO. 1, paras. 8 and 12.] The stranger was sitting

---

[1] No statements made in this Motion should be construed as an admission of any allegations contained in Plaintiff's Complaint.

in a chair on the back porch when the Plaintiff arrived, drew his weapon and pointed it at the stranger. [DKT. NO. 1, paras. 12 and 13.] The Plaintiff pleads further that, after the incident, the Defendant Officers filed a "Clear and Present Danger" report with the Illinois State Police pursuant to the Illinois Firearm Owners Identification Card Act. [DKT. No. 1, paras. 24 - 30.]

The Plaintiff's claims fail because the Illinois Firearm Owners Identification Card Act bars civil liability claims against mandatory reporters like the Town of Normal Defendants and, as a result, Count I of the Plaintiff's Complaint should be dismissed with prejudice. Additionally, Count II of the Plaintiff's Complaint fails to sufficiently plead "willful and wanton" conduct and should be dismissed with prejudice. Moreover, because the Town of Normal Defendants are entitled to qualified immunity, the claims in Plaintiff's Complaint should be dismissed with prejudice. Lastly, because the Plaintiff's claims fail against the individual officers, his claims fail against the Town of Normal and Count III should be dismissed with prejudice.

## PREFATORY STATEMENT

In determining a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts in the complaint and must draw all reasonable inferences therefrom in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). However, a plaintiff does not necessarily state a claim simply "by attaching a bare conclusion to the facts he narrates." *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998). In construing a motion to dismiss, the court is not required to accept assertions of law or unwarranted factual inferences. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005).

A civil rights complaint, under 42 USC §1983, must outline a violation of the constitution or a federal statute and must connect the violation to the named defendants. *Caldwell v. City of Elwood, Indiana*, 959 F.2d 670, 672 (7th Cir. 1992), quoting *Brownlee v. Conine*, 957 F.2d 353,

354 (7th Cir. 1992). There must be sufficient facts pled "to allow the court and the defendants to understand the gravamen of the plaintiff's complaint." *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996); *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 627 (7th Cir. 1999).

The Supreme Court, in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007), held that Rule 8(a)(2) requires "factual allegations" showing "the grounds" for relief and "requires more than labels and conclusions, and formulaic recitations of the elements of a cause of action . . .". It is submitted that the Supreme Court's interpretation of Federal Rule of Civil Procedure 8 requires that some "threshold of plausibility must be crossed at the outset."   (*Id.*, 550 U.S. at 558, 127 S.Ct. at 1966, quoting *Sahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F.Supp 2d 986, 995 (N.D.Ill. 2003) (Posner, J., Sitting by Designation), in order to weed out unmeritorious claims at an early stage, so as to avoid unnecessary and costly time, expense and attorney's fees incurred in defending against unmeritorious complaints. *Bell Atlantic v. Twombly*, *supra*, 550 U.S. at 558-59, 127 S.Ct. at 1966-67 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management', (citation omitted), given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side").

Viewing a complaint under this facial plausibility test requires that the plaintiff plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556, U.S. 662, 129 S.Ct. 1937, 1949 (2009). Only a complaint that states a plausible claim for relief can survive a motion to dismiss. *Id.*

3

## ARGUMENT

I.     **PLAINTIFF'S CLAIMS AGAINST THE TOWN OF NORMAL DEFENDANTS FAILS TO STATE A PLAUSIBLE CLAIM FOR RELIEF.**

*The Illinois Firearm Owners Identification Card Act bars the Plaintiff's Second Amendment claims.*

The Plaintiff points to violations of the Illinois Firearm Owners Identification Card Act (430 ILCS 65/1 *et seq*) as the basis for his claims of Second Amendment violations against the Town of Normal Defendants. Central to the Plaintiff's claims is that the Town of Normal Defendants unlawfully reported that the Plaintiff was a "clear and present danger" which reporting led to the revocation of his Firearm Owners Identification ("FOID") card.

Section 65/1.1 of the Illinois Firearm Owners Identification Card Act (hereinafter "the Act") defines "clear and present danger" as follows:

Clear and present danger" means a person who:

(1) communicates a serious threat of physical violence against a reasonably identifiable victim or poses a clear and imminent risk of serious physical injury to himself, herself, or another person as determined by a physician, clinical psychologist, or qualified examiner; or

(2) **demonstrates threatening physical or verbal behavior**, such as violent, suicidal, or assaultive threats, actions, or other behavior, **as determined by a** physician, clinical psychologist, qualified examiner, school administrator, or ***law enforcement official***. (Emphasis added.)

Additionally, Section 8.1, Notifications to the Illinois State Police, of the Act states as follows:

(d) If a person is determined to pose a clear and present danger to himself, herself, or to others:

(1) by a physician, clinical psychologist, or qualified examiner, or is determined to have a developmental disability by a physician, clinical psychologist, or qualified examiner, whether employed by the State or privately, then the physician, clinical psychologist, or qualified examiner shall, within 24 hours of making the determination, notify the Department of Human Services that the person poses a clear and present danger or has a developmental disability; **_or_**

(2) **by a law enforcement official** or school administrator, then **the law enforcement official** or school administrator **shall, within 24 hours of making the determination, notify the Illinois State Police that the person poses a clear and present danger.** (Emphasis added.)

Contrary to the Plaintiff's claims, under the Act, law enforcement officials, such as the Town of Normal Defendants, are authorized to make a "clear and present danger" determination. *See* 430 ILCS 65/8.1(d) *See also White v. Illinois State Police*, 482 F. Supp. 3d 752, 764–65 (N.D. Ill. 2020), aff'd as modified, 15 F.4th 801 (7th Cir. 2021) (the Act necessarily grants mandatory reporters discretion to determine whether a person poses as clear and present danger). Moreover, Section 8.1(d), outlines liability under the Act stating that:

the physician, clinical psychologist, qualified examiner, **law enforcement official**, or school administrator making the determination and his or her employer **_shall not be held_** criminally, **_civilly_**, or professionally **_liable_** **for making or not making the notification required under this subsection, except for willful or wanton misconduct.** (Emphasis added.)

Here, the Plaintiff's Second Amendment claims fail because the Act specifically bars civil

5

liability suits against mandatory reporters, like the Town of Normal Defendants, who make a "clear and present danger" determination and report their determination to the Illinois State Police. *See* 430 ILCS 65/8.1(d)*. Moreover, the Act identifies the Illinois State Police as the entity which determines whether a FOID card is revoked, not the local police agencies. *See generally,* Sections 65/8.1, 65/9.5, 65/10 of the Act*. As a result, based on the above, the Town of Normal Defendants cannot be held liable for the revocation of the Plaintiff's FOID card and this Court should dismiss Count I of the Plaintiff's Complaint with prejudice.

### *The Plaintiff has not sufficiently pled willful and wanton conduct under Illinois law.*

Willful and wanton conduct is "an aggravated form of negligence." *Jane Doe–3 v. McLean County Unit District No. 5 Board of Directors,* 2012 IL 112479, ¶ 19, 362 Ill.Dec. 484, 973 N.E.2d 880 (2012). Thus, to recover for willful and wanton conduct, a plaintiff must first plead the elements of negligence (duty, breach of duty, injuries proximately caused by the breach) and then also plead a heightened state of mind. *Id*.; *see also Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 235, (2010); *Doe v. Chicago Board of Education*, 213 Ill. 2d 19, 28 (2004). Thus, in order to successfully allege willful and wanton conduct, a plaintiff must allege facts showing a course of conduct amounting to more than just inadvertence, unskillfulness, inaction, incompetence or simple negligence. *Knapp v. Hill*, 276 Ill.App.3d 376, 383, 657 N.E.2d 1068, 1073 (1st Dist. 1995). *See also, Jane Doe–3*, 2012 IL 112479, ¶ 19, 362 Ill.Dec. 484, 973 N.E.2d 880 (willful and wanton conduct is the deliberate intention to harm or a conscious disregard for a plaintiff's welfare); *Adkins v. Sarah Bush Lincoln Health Center*, 129 Ill. 2d 497, 518 (1989) (willful and wanton conduct is an utter indifference to the welfare of the plaintiff.)

Here, the Town of Normal Defendants' "Clear and Present Danger" report to the Illinois State Police is insufficient to establish that their actions were willful and wanton. As a result, the

Plaintiff has failed to sufficiently plead willful and wanton conduct and this Court should dismiss Count II of the Plaintiff's Complaint with prejudice.

### Defendants Hines and Cunningham Are Entitled to Qualified Immunity

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Armstrong v. Daily,* 786 F.3d 529, 538 (7th Cir. 2015) *citing Pearson v. Callahan,* 555 U.S. at 231, 129 S.Ct. 808, quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To determine if the defendants are entitled to qualified immunity, courts ask two questions: (1) whether "the facts alleged show the officer's conduct violated a constitutional right," and (2) whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Armstrong*, 786 F.3d at 538 *citing Saucier v. Katz,* 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), *modified on other grounds by Pearson,* 555 U.S. at 236, 129 S.Ct. 808 (allowing courts discretion to conduct two-step inquiry in sequence better suited to particular case); accord, *Whitlock v. Brueggemann,* 682 F.3d 567, 580 (7th Cir.2012).

Here, Defendants Hines and Cunningham are entitled to qualified immunity because the Plaintiff has failed to allege facts that demonstrate Defendants Hines and Cunningham reasonably should have known that their "Clear and Present Danger' report to the Illinois State Police violated his Second Amendment Rights, especially when the Seventh Circuit has held that "gun pointing when an individual presents no danger is unreasonable." *Baird v. Renbarger*, 576 F.3d 340, 345 (7th Cir. 2009) and has upheld the Act against Second Amendment challenges. *See United States v. Skoien*, 614 F.3d 638, 645 (7th Cir. 2010) (*en banc*), *Berron v. Ill. Concealed Carry Licensing Rev. Bd.,* 825 F.3d 843, 846 (7th Cir. 2016); *White v. Illinois State Police*, 15 F.4th 801, 812 (7th

7

Cir. 2021). Because the Plaintiff cannot state a legally cognizable Second Amendment claim, Defendants Hines and Cunningham are entitled to qualified immunity and the Plaintiff's Complaint should be dismissed with prejudice.

## II.    AS PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO ESTABLISH LIABILITY AGAINST DEFENDANTS HINES AND CUNNINGHAM COUNT III SHOULD BE DISMISSED AGAINST THE TOWN OF NORMAL

Under Illinois Law, a municipality is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. *See* 745 ILCS 10/2-109; 745 ILCS 10/2 2-302; 65 ILCS 5/1-4-6. As the Plaintiff has failed to plead any cognizable claim against Defendants Hines and Cunningham, he fails to plead any claims against the Town of Normal. Thus, Count III of the Plaintiff's Complaint should be dismissed with prejudice for failure to allege any facially plausible claim for relief against the Town of Normal.

WHEREFORE, Defendants, OFFICER NICHOLAS HINES, OFFICER SERENA CUNNINGHAM and the TOWN OF NORMAL, respectfully pray that this Court grant their Motion to Dismiss and dismiss with prejudice the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

OFFICER    NICHOLAS    HINES,    OFFICER SERENA CUNNINGHAM and the TOWN OF NORMAL

By: ____s/Deborah A. Ostvig_____
          One of Their Attorneys

Michael E. Kujawa, ARDC# 6244621
Deborah A. Ostvig, ARDC# 6287031
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5300
Chicago, Illinois 60602
Phone: (312) 345-5700

8

Fax: (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com
K:\444 - Kuhlman\Pleadings\MTD\Kuhlman.MTD.Memo.docx

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

_____     )
                *Plaintiff*             )
                v.                      )     Case No.
_____     )
                *Defendant*             )

CERTIFICATE OF SERVICE

I certify that on _____, I electronically filed the foregoing with the Clerk of the

Court using the CMECF system which will send notification of such filing to the following:

_____,

and I certify that I have mailed by the United States Postal Service the document to the following

non CMECF participants:

_____.

_____
*Attorney's signature*

_____
*Printed name and bar number*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

_____
*Fax number*